1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TONY EUGENE GOODSPEED II,

11            Plaintiff,                        No. 2:12-cv-0807 JAM DAD PS

12        v.

13   COLLEEN M. NICHOLS,                        FINDINGS AND RECOMMENDATIONS
     MARK S. CURRY, ROBERT P.
14   MCELHANY, CHARLES D. WACHOB,
     TRACY L. LUNARDI, GAREN J.
15   HORST, JOHN C. LYMAN, BRADFORD
     R. FENOCCHIO, PAUL G. GREEHNHILL,
16   SEAN KELLEY; and DAVID WEINER,

17            Defendants.

18   _____/

19            This matter came before the court on July 6, 2012, for hearing of defendants'

20   motions to dismiss pro se plaintiff Tony Eugene Goodspeed's amended complaint pursuant to

21   Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Raymond Rouse, Esq.

22   appeared for defendants Colleen Nichols, Mark Curry, Robert McElhany, Charles Wachob, Paul

23   Greenhill and Sean Kelley.  David Huskey, Esq. appeared for defendants Tracy Lunardi, Garen

24   Horst and Bradford Fenocchio.  Travis Stokes, Esq. appeared for defendant John Lyman.

25   Defendant David Weiner, Esq. appeared on his own behalf.  Plaintiff appeared telephonically at

26   /////

                                              1

1  the hearing on his own behalf.  Oral argument was heard and the motions were taken under

2  submission.

3                                    BACKGROUND

4          Plaintiff commenced this action March 29, 2012, by filing his original complaint

5  and an application to proceed in forma pauperis.  (Doc. Nos. 1 & 2.)  However, on April 20,

6  2012, before plaintiff's original complaint and application to proceed in forma pauperis had been

7  reviewed, plaintiff filed an amended complaint.  (Am. Compl. (Doc. No. 3.))  Therein, plaintiff

8  alleges claims for civil RICO, mail fraud, wire fraud, violation of procedural Due Process,

9  malfeasance and declaratory judgment.  (Id. at 66-74.[1])  On May 11, 2012, plaintiff paid the

10  required filing fee and withdrew his application to proceed in forma pauperis.  (Doc. No. 12.)

11          That same day, counsel for defendants Bradford Fenocchio, Garen Horst and

12  Tracy Lunardi, filed a motion to dismiss plaintiff's amended complaint.  (Doc. No. 11.)  Plaintiff

13  filed an opposition to that motion to dismiss on May 31, 2012.  (Doc. No. 17.)  On June 5, 2012,

14  the remaining defendants filed motions to dismiss.  (Doc. Nos. 19, 20 & 24.)  Plaintiff filed

15  opposition to those motions to dismiss on June 21, 2012.  (Doc. Nos. 28-30.)

16          On June 25, 2012, defendants Colleen Nichols, Mark Curry, Robert McElhany,

17  Charles Wachob, Paul Greenhill and Sean Kelley filed a reply to plaintiff's opposition to their

18  motion to dismiss.  (Doc. No. 32.)  On June 26, 2012, defendant John Lyman filed a reply to

19  plaintiff's opposition to his motion to dismiss.  (Doc. No. 33.)  Plaintiff filed unauthorized sur-

20  replies on June 26, 2012 and June 29, 2012.[2]  (Doc. Nos. 34 & 35.)

21  /////

22

23          [1] Page number citations such as this one are to the page number reflected on the court's
24  CM/ECF system and not to page numbers assigned by the parties.

25          [2] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the
   Local Rules.  See Fed. R. Civ. P. 12; Local Rule 230.  Nonetheless, in light of plaintiff's pro se
26  status, the court has reviewed the sur-replies and considered them in reaching its decision on the
   pending motions.

1                                STANDARDS

2 I.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

3             In moving to dismiss for lack of subject matter jurisdiction pursuant to Federal

4 Rule of Civil Procedure 12(b)(1), the challenging party may either make a facial attack on the

5 allegations of jurisdiction contained in the complaint or can instead take issue with subject matter

6 jurisdiction on a factual basis.  Thornhill Publ'g Co. v. Gen. Tel. & Elect. Corp., 594 F.2d 730,

7 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir.

8 1977).  If the motion constitutes a facial attack, the court must consider the factual allegations of

9 the complaint to be true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen,

10 549 F.2d at 891.  If the motion constitutes a factual attack, however, "no presumptive

11 truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will

12 not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

13 Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).  The court may properly

14 consider extrinsic evidence in making that determination.  Velasco v. Gov't of Indon., 370 F.3d

15 392, 398 (4th Cir. 2004).

16 II.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

17             The purpose of a motion to dismiss pursuant to Rule 12(b)(6)[3] is to test the legal

18 sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

19 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

20 sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

21 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

22 relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

23 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

24 /////

25

26       [3]  Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Civil Procedure.

1  the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

2  Iqbal,  556 U.S. 662, 678 (2009).

3          In determining whether a complaint states a claim on which relief may be granted,

4  the court accepts as true the allegations in the complaint and construes the allegations in the light

5  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

6  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

7  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

8  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

9  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

10  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

11  an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

12  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

13  elements of a cause of action."  Twombly, 550 U.S. at 555.  See also Iqbal, 556 U.S. at 676

14  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

16  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

17  not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

18  459 U.S. 519, 526 (1983).

19          In ruling on the motion, the court is permitted to consider material which is

20  properly submitted as part of the complaint, documents that are not physically attached to the

21  complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on

22  them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir.

23  2001).

24  /////

25  /////

26  /////

4

ANALYSIS

I. Rule 8

The minimum requirements for a civil complaint in federal court are as follows:

A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

Here, the allegations found in plaintiff's amended complaint fail to satisfy the pleading requirements set forth in Rule 8. In this regard, plaintiff's amended complaint consists of 80 pages of allegations and another 161 pages of exhibits. The first 66 pages of plaintiff's amended complaint consist almost entirely of rambling factual allegations that frequently invoke conspiracy theories and suggestions of racism. For example, in his amended complaint plaintiff begins by stating as follows:

Plaintiff, a flesh and bone man wherein the blood doth flow . . . sets forth this formal complaint to redress grievance of deprivation of property rights, due process rights by a consortium of purported

5

1           public officials, agents, employees engaged in a pattern, policy and
practice of systematic domestic political terrorism for . . . their
2           apparent economic unjust enrichment by the use of Trial Court
Funding Act, Federal Employer Tax Identification Numbers
3           (FEINs), Social Security Account Numbers (SSAN), State Bar
Numbers (SBN), U.S. Mail Service and the electronic wire
4           transmission and internet facility commonly used in day to day
business activity by said defendants that is apparently routine
5           action of R.I.C.O. and other high crimes and misdemeanors.

6 (Am. Compl. (Doc. No. 3) at 1-2.)  Plaintiff then launches into a lengthy and detailed recitation

7 of his arrests in the spring of 2008 and resulting prosecutions in the Placer County Superior

8 Court.[4]

9           In his amended complaint plaintiff also asserts a vague conspiracy theory based on

10 allegations that the named defendants are members of the Freemasons.  In this regard, the

11 amended complaint states that with respect to the assassination of former President John F.

12 Kennedy, "[l]one gunman, yeah right?  It was commonly reported that all but one of the Warren

13 Commission consisted of Freemasons."  (Id. at 43-44.)

14           Plaintiff's amended complaint also contains vague allegations of racism, as well

15 as contentions that are simply factually inaccurate.  In this regard, the amended complaint alleges

16 that "[w]hat was so wrong with Plaintiff owning such private property?  They were owned by a

17 nigger," (Id. at 59), that "the Placer court/s are privately owned and currently are trading on the

18 open stock market through various tradenames (sic)",  (Id. at 61), and that:

19           On the whole, the administration of justice is a fraud and fake in
total, perpetrated upon the innocent victims of this coterie of dark
20           hearted villains of malcontent.  Fat cats who worship a false god
enriching themselves under a pattern, policy and practice of
21           evasion of the guarantee of due process of law whereby a falsely
accused victim becomes the routine ritual sacrifice railroaded in
22           their "Temple of Justice" by a designated coterie of religious
fanatics who have openly sworn blood oaths to advance the agenda
23           of their religious dogma above that of the good people of America
and California . . . .

24

---

25        [4]  According to the allegations of plaintiff's amended complaint, during his criminal
prosecution plaintiff's competency was called into question, though he was ultimately "declared
26 mentally competent."  (Am. Compl. (Doc. No. 3) at 21.)

1   (Id. at 65.)

2          Accordingly, because the allegations found in plaintiff's amended complaint fail

3   to satisfy the pleading requirements set forth in Rule 8, defendants' motions to dismiss could be

4   properly granted for this reason alone.

5   II.  Rooker-Feldman

6          As noted above, many of the factual allegations found in plaintiff's amended

7   complaint concern his arrest in the spring of 2008 and subsequent criminal prosecution in the

8   Placer County Superior Court.  (Am. Compl. (Doc. No. 3) at 6-66.)  It appears from the amended

9   complaint that most, if not all, of the defendants named therein played some role in plaintiff's

10  prosecution.  For example, defendant Paul Greenhill is alleged to have arrested plaintiff.  (Id. at

11  6.)  Defendant John Lyman is alleged to have been appointed as plaintiff's Public Defender.  (Id.

12  at 23.)  Defendant Tracy Lunardi is alleged to have served as one of the Deputy District

13  Attorneys who prosecuted plaintiff.  (Id. at 28.)  Defendant Judge Robert McElhany is alleged to

14  have presided at plaintiff's trial.  (Id. at 41.)

15         In moving to dismiss the amended complaint, defendants Fenocchio, Horst and

16  Lunardi have requested that judicial notice be taken of, among other documents:  (1) the

17  Reporter's Transcript dated March 10, 2009, in the case of The People of the State of California

18  v. Tony Eugene Goodspeed, II, Placer County Superior Court # 62-078964A[5]; (2) the June 2,

19  2009, order granting probation and judgment for monetary penalties in that case; and (3) the Civil

20  Docket for Tony Eugene Goodspeed v. Placer County Sheriff, Case No. 2:08-cv-1947 JFM (HC).

21  (Doc. No. 11-3 at 3-4.)  The undersigned will recommend that defendants' request for judicial

22  notice of these documents be granted.  See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250

23  F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public

24

25         [5] In that case plaintiff pled "no contest" to multiple felony counts of conspiracy, unlawful
    assault weapon activity, possession of a deadly weapon, possession of an assault weapon and
26  possession of a machine gun.  (Doc. No. 11-3 at 6-18.)

1   record); <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to

2   dismiss, the court may take judicial notice of matters of public record outside the pleadings).

3          Under the <u>Rooker-Feldman</u> doctrine, federal district courts lack jurisdiction to

4   review alleged errors in state court decisions.  <u>Dist. of Columbia Court of Appeals v. Feldman</u>,

5   460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only

6   in the United States Supreme Court).  The doctrine applies to "cases of the kind from which the

7   doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by

8   state-court judgments rendered before the district court proceedings commenced and inviting

9   district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic</u>

10  <u>Indus. Corp.</u>, 544 U.S. 280, 284 (2005).  "The purpose of the doctrine is to protect state

11  judgments from collateral federal attack." <u>Doe & Assocs. Law Offices v. Napolitano</u>, 252 F.3d

12  1026, 1030 (9th Cir. 2001).  Pursuant to this doctrine, a federal district court is prohibited from

13  exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court

14  judgment. <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d 1136, 1139 (9th Cir. 2004).  A federal district

15  court may not examine claims that are inextricably intertwined with state court decisions, "even

16  where the party does not directly challenge the merits of the state court's decision but rather

17  brings an indirect challenge based on constitutional principles." <u>Bianchi v. Rylaarsdam</u>, 334

18  F.3d 895, 900 n.4 (9th Cir. 2003). <u>See</u> <u>also</u> <u>Ignacio v. Judges of U.S. Court of Appeals</u>, 453 F.3d

19  1160, 1165-66 (9th Cir. 2006) (affirming district court's dismissal of the case "because the

20  complaint is nothing more than another attack on the California superior court's determination in

21  [plaintiff's] domestic case").

22          Here, the thrust of plaintiff's amended complaint is that his arrest and criminal

23  prosecution were unlawful.  For example, the amended complaint alleges that during "the several

24  months of pretrial proceedings" defendants "used the United States mails (sic) in the perpetration

25  of . . . frauds" and that the defendants have "demonstrated their expertise at committing frauds on

26  California courts and the prosecution conducted by the . . . defendants against Plaintiff is an

8

1   example of the typical day to day R.I.C.O enterprise of the . . . defendants."  (Am. Compl. (Doc.

2   No. 3) at 71, 73.)  Thus, to the extent it can be deciphered, it appears clear that plaintiff's

3   amended complaint filed in this civil rights action is "a de facto appeal" from the judgment of

4   conviction entered against him in his state court criminal proceeding.

5   III.  Civil RICO Claim

6              To state a cognizable RICO claim, a plaintiff must allege:  (1) conduct, (2) of an

7   enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5)

8   causing injury to plaintiff's business or property.  Sanford v. Memberworks, Inc., 625 F.3d 550,

9   557 (9th Cir. 2010); Walter v. Drayson, 538 F.3d 1244, 1247 (9th Cir. 2008); Grimmett v.

10  Brown, 75 F.3d 506, 510 (9th Cir. 1996).  The alleged enterprise must exist "separate and apart

11  from that inherent in the perpetration of the alleged [activity]."  Chang v. Chen, 80 F.3d 1293,

12  1300-01 (9th Cir. 1996).  A "pattern of racketeering activity" means at least two criminal acts

13  enumerated by statute.  18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire

14  fraud, and financial institution fraud).  These so-called "predicate acts" under RICO must be

15  alleged with specificity in compliance with Rule 9(b) of the Federal Rules of Civil Procedure.

16  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400-01 (9th Cir. 2004); see

17  also Lancaster Community Hospital v. Antelope Valley Hospital Dist., 940 F. 2d 397, 405 (9th

18  Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with

19  "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in

20  each scheme"); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir.

21  1988); Pineda v. Saxon Mortgage Services, No. SacV 08-1187 JVS, 2008 WL 5187813, at *4

22  (C.D. Cal. Dec., 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and

23  conclusions" to establish a RICO claim but rather, plaintiff must give each defendant notice of

24  the particular predicate act it participated in and must allege each predicate act with specificity).

25              Here, plaintiff's amended complaint offers no factual allegations in support of his

26  RICO claim, let alone specific factual allegations sufficient to meet the heightened pleading

9

1  requirements applicable to fraud claims under Rule 9(b).[6]  In this regard, the amended complaint

2  alleges incomprehensibly that the RICO:

> enterprise . . . consists of the Defendants . . . premeditated unlawful
> conversion of Plaintiff into a "person" and the willful
> misapplication of the non-enacted Penal Code for purpose of unjust
> enrichment "in this state" under the thrust of the [Trial Court
> Funding Act] which is indicative of an institutional patter of
> R.I.C.O. enterprise . . . .

7  (Am. Compl. (Doc. No. 3) at 67.)

8          For these reasons, the undersigned concludes that plaintiff's amended complaint

9  fails to allege a cognizable RICO claim.

10 IV.  <u>Mail Fraud & Wire Fraud</u>

11         Plaintiff's amended complaint also includes causes of action for wire fraud and

12 mail fraud[7] without citation to any statutory provision.  Nonetheless, wire fraud and mail fraud

13 are criminal prohibitions that do not provide a private cause of action or a basis for civil liability.

14 <u>See</u> <u>Ellis v. City of San Diego</u>, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming district court's

15 dismissal of sixteen claims based on provisions of the California Penal Code because "these code

16 sections do not create enforceable individual rights"); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092

17 (9th Cir. 1980) (holding that criminal statutes 18 U.S.C. §§ 241 and 242 "provide no basis for

18 _____

19     [6]  Circumstances that must be stated with particularity pursuant to Rule 9(b) include the
   "time, place, and specific content of the false representations as well as the identities of the
   parties to the misrepresentations."  <u>Sanford v. Memberworks, Inc.</u>, 625 F.3d 550, 558 (9th Cir.
20 2010) (quoting <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004)).  <u>See also</u>
   <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007); <u>Miscellaneous Serv. Workers, Drivers</u>
21 <u>& Helpers v. Philco-Ford Corp.</u>, 661 F.2d 776, 782 (9th Cir. 1981) (affirming the district court's
   dismissal of the plaintiffs' deceit and misrepresentation claims where plaintiffs failed to allege
22 with sufficient particularity the content of the false representations and identities of the parties to
   the misrepresentations).  "In the context of a fraud suit involving multiple defendants, a plaintiff
23 must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'"
   <u>Swartz</u>, 476 F.3d at 765 (quoting <u>Moore v. Kayport Package Express</u>, 885 F.2d 531, 541 (9th Cir.
24 1989)).

25     [7]  Though the amended complaint sets forth the mail fraud cause of action separately from
   the wire fraud cause of action, both of these causes of action suffer from the same defect and will
26 therefore be addressed together.

1  civil liability"); see also Aguirre v. Cal-Western Reconveyance Corp., No. CV 11-6911 CAS

2  (AGRx), 2012 WL 273753, at *10 (C.D. Cal. Jan. 30, 2012) ("The mail fraud statute, 18 U.S.C.

3  § 1341, is a criminal statute and does not provide for a private right of action."); Cobb v. Brede,

4  No. C 10-03907 MEJ, 2012 WL 33242, at *2 (N.D. Cal. Jan. 6, 2012) ("The Court assumes that

5  Plaintiffs are referring to 18 U.S.C. §§ 1341 and 1343, which are the federal criminal statutes for

6  mail and wire fraud.  These criminal statutes, however, do not provide litigants with a private

7  right of action.").[8]

8        Accordingly, plaintiff has failed to allege cognizable claims for mail or wire fraud

9  in his amended complaint.

10  V.  Due Process

11        The amended complaint also asserts a due process claim.  A litigant who

12  complains of a violation of a constitutional right does not have a cause of action directly under

13  the United States Constitution.  Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (it is 42 U.S.C. §

14  1983 that provides a federal cause of action for the deprivation of rights secured by the United

15  States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979)

16  (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of

17  the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705

18  (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

19  /////

20

21        [8]  Moreover, even if a private right of action was created by these statues, plaintiff's
    claims would still be subject to dismissal.  Pursuant to Rule 9(b), a plaintiff alleging fraud at a
22  minimum must plead evidentiary facts such as the time, place, persons, statements and
    explanations of why allegedly misleading statements are misleading.  In re GlenFed, Inc. Sec.
23  Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba–Geigy Corp. USA, 317 F.3d
    1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).  Likewise,
24  "[u]nder California law, the 'indispensable elements of a fraud claim include a false
    representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"
25  Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v.
    Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).  Here, plaintiff has failed to plead the minimum
26  facts required for a fraud claim in his amended complaint.

1    Title 42 U.S.C. § 1983 provides that,

2          [e]very person who, under color of [state law] . . . subjects, or
           causes to be subjected, any citizen of the United States . . . to the
3          deprivation of any rights, privileges, or immunities secured by the
           Constitution and laws, shall be liable to the party injured in an
4          action at law, suit in equity, or other proper proceeding for redress.

5          In order to state a cognizable claim under § 1983 the plaintiff must allege facts

6    demonstrating that he was deprived of a right secured by the Constitution or laws of the United

7    States and that the deprivation was committed by a person acting under color of state law.  West

8    v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to

9    allege, and ultimately establish, that the named defendants were acting under color of state law

10   when they deprived her of a federal right.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

11         Here, the defendants named in plaintiff's amended complaint are all employed as

12   either local prosecutors, state court judges, "state judicial public servant[s]," county public

13   defenders or private defense attorneys.  (Am. Compl. (Doc. No. 3) at 5-6.)  The United States

14   Supreme Court has held that neither a State nor its officials acting in their official capacities are

15   "persons" under § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

16   Moreover, judges acting within the course and scope of their judicial duties are absolutely

17   immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 553-54 (1967).

18   A state prosecutor also has absolute immunity for initiation and pursuit of criminal prosecutions,

19   including presentation of case at trial.  Imbler v. Pachtman, 424 U.S. 409, 430-31, (1976).  Court

20   clerks have absolute quasi-judicial immunity when they perform tasks that are an integral part of

21   the judicial process.  Mullis v. United States Bankr.Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

22   Finally, "[a]lthough lawyers are generally licensed by the States, 'they are not officials of

23   government by virtue of being lawyers.'"  Polk County v. Dodson, 454 U.S. 312, 319 n. 9 (1981).

24   /////

25   /////

26   /////

12

1  An attorney's representation of a client does not constitute action under color of state law which

2  is required for a § 1983 action.[9]  Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977).

3  VI.  Malfeasance

4        In attempting to allege a claim for malfeasance, the amended complaint asserts

5  that a "court cannot commit fraud up itself" and that defendants "have demonstrated their

6  expertise at committing frauds on California courts . . ."  (Am. Compl. (Doc. No. 3) at 73.)  For

7  the reasons note above, plaintiff's malfeasance claim fails to satisfy the particularity requirements

8  of Rule 9(b).  See Vess, 317 F.3d at 1106 ("Averments of fraud must be accompanied by 'the

9  who, what, when, where, and how' of the misconduct charged.") (quoting Cooper v. Pickett, 137

10  F.3d 616, 627 (9th Cir. 1997)).

11  VII.  Declaratory Judgment

12        Finally, plaintiff's amended complaint contains a claim for declaratory judgement

13  base upon plaintiff's other claims.  In this regard, it is well recognized that "where a plaintiff has

14  alleged a substantive cause of action, a declaratory relief claim should not be used as a

15  superfluous 'second cause of action for the determination of identical issues' subsumed within

16  the first."  Jensen v. Quality Loan Service Corp., 702 F. Supp.2d 1183, 1189 (E.D. Cal. 2010)

17  (citing Hood v. Superior Court, 33 Cal. App.4th 319, 324 (1995) and Gen. of Am. Ins. Co. v.

18  Lilly, 258 Cal. App.2d 465, 470 (1968)).  See also Camillo v. Washington Mut. Bank, F.A., No.

19  1:09-CV-1548 AWI SMS, 2009 WL 3614793, at *13 (E.D. Cal. Oct. 27, 2009) (dismissing

20  declaratory relief claim as redundant where the claim would not resolve issues other than those

21  addressed by way of the substantive claims of the complaint).

22

23      [9]  Although not raised by any defendant, it appears that any due process claim presented
24  by plaintiff may also barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United
States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly
unconstitutional conviction or imprisonment cannot be maintained absent proof "that the
25  conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
invalid by a state tribunal authorized to make such determination, or called into question by a
26  federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.

13

LEAVE TO AMEND

For all the reasons stated above, plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief may be granted. The undersigned has carefully considered whether plaintiff could file a further amended complaint that states a cognizable federal claim that would not be subject to dismissal. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of obvious deficiencies noted above with respect to his amended complaint the undersigned finds that it would be futile to grant plaintiff leave to amend.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' Fenocchio, Horst and Lunardi's May 11, 2012 motion to dismiss (Doc. No. 11) be granted;

2. Defendants' Nichols, Curry, McElhany, Wachob, Greenhill and Kelley's June 5, 2012 motion to dismiss (Doc. No. 19) be granted;

3. Defendant Lyman's June 5, 2012 motion to dismiss (Doc. No. 20) be granted;

4. Defendant Weiner's June 5, 2012 motion to dismiss (Doc. No. 24) be granted;

5. Plaintiff's May 31, 2012 motion to strike (Doc. No. 16) be denied;

6. Plaintiff's April 20, 2012 amended complaint (Doc. No. 3) be dismissed without leave to amend; and

7. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

14

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within seven days after service of the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 19, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\goodspeed0807.mtd.f&rs

15